Paul E. Summit
Andrew T. Solomon
SULLIVAN & WORCESTER LLP
1633 Broadway
New York, NY 10019
(212) 660-3000

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
THE EXPORT-IMPORT BANK OF
THE REPUBLIC OF CHINA,

     Plaintiff,

   -against-

CENTRAL BANK OF LIBERIA as successor to
the NATIONAL BANK OF LIBERIA,

     Defendant.
-------------------------------------------------------------X

Civil Action No. 15-9565

## COMPLAINT

  Plaintiff The Export-Import Bank of the Republic of China ("Ex-Im Bank"), by its attorneys, Sullivan & Worcester LLP, complains of the defendant Central Bank of Liberia ("CBL") as successor to the National Bank of Liberia ("NBL") as follows.  This is an action to enforce two defaulted loans agreements in the principal amounts of $24,000,000 and $20,000,000.

## JURISDICTION AND VENUE

  1. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1330.

2. Venue properly exists in this district pursuant to 28 U.S.C. § 1391(f), based upon the residence and status of the parties, the events and omissions giving rise to the claims, and the agreements which provide the basis for this action.

## THE PARTIES

3. Ex-Im Bank is a banking institution organized and existing under the laws of the Republic of China, with its principal place of business in Taipei, the Republic of China. The business of Ex-Im Bank includes the lending of money internationally.

4. The Republic of Liberia formed CBL pursuant to the Central Bank of Liberia Act of 1999.

5. CBL is the successor in business and interest to NBL, and is an agency or instrumentality of a foreign state as defined in 28 U.S.C. § 1603(b). CBL's principal place of business is in Monrovia, Liberia.

## BACKGROUND

6. On December 7, 1989, Ex-Im Bank and NBL executed two loan agreements by which NBL borrowed a total of $44,000,000 from Ex-Im Bank (the "Loan Agreements"). NBL and its successor, CBL, failed to repay any principal or interest amounts, in violation of the terms of the Loan Agreements. To date, the total outstanding principal amount due under the Loan Agreements is $44,000,000.

The First Loan Agreement

7. The purpose of the first loan agreement was to provide financing to NBL for its general "commercial use."

8.     Pursuant to the terms and conditions of a certain Loan Agreement (Loan No. 6020218001) dated December 7, 1989, by and between Ex-Im Bank and NBL (hereafter the "First Loan Agreement"), Ex-Im Bank agreed to lend up to $24,000,000 to NBL. Attached as **Exhibit A** is a true and accurate copy of the First Loan Agreement.

9.     Under the First Loan Agreement, on December 22, 1989, Ex-Im Bank disbursed $24,000,0000 to NBL.

The Second Loan Agreement

10.    The purpose of the second loan agreement was to provide financing to NBL for its general "commercial use."

11.    Pursuant to the terms and conditions of a certain Loan Agreement (Loan No. 6020218002) dated December 7, 1989, by and between Ex-Im Bank and NBL (hereafter the "Second Loan Agreement"), Ex-Im Bank agreed to lend up to $40,000,000 to NBL. Attached as **Exhibit B** is a true and accurate copy of the Second Loan Agreement.

12.    Under the Second Loan Agreement, on March 8, 1990, Ex-Im Bank disbursed $20,000,000 to NBL.

Terms of the Loan Agreements

13.    The First and Second Loan Agreements (the "Loan Agreements") contain the following common terms:

14.    The Loan Agreements require that all disbursements of money from Ex-Im Bank to NBL and all repayments of the loans from NBL to Ex-Im Bank be paid in United States Dollars and be made at their respective bank accounts located in New York City, New York.

15. For the term of each loan, summarized below, interest accrues on each advance under the loan on the basis of the number of days actually elapsed over a 360-day year at the following rates and shall be payable semi-annually:

| Loan | Term of Years (Approx.) | Interest Rate (per annum) |
| --- | --- | --- |
| First Loan Agreement: | 15 | 4% |
| Second Loan Agreement: | 15 | 4% |

16. The Loan Agreements each have a provision for "default interest" of 10 percent in the event that NBL fails to make an interest or principal payment on a timely basis. The default interest accrues on the "principal, interest, fees and other amounts which are overdue."

17. The Loan Agreements provide for the repayment of principal in approximately equal semi-annual installments.

18. The Loan Agreements provide, in substance, that NBL must pay all reasonable expenses incurred by Ex-Im Bank in connection with its enforcement of the Loan Agreements.

19. Under the Loan Agreements, NBL represented and warranted, in summary, that the Loan Agreements were binding, lawful, duly executed, and not in conflict with any laws or in breach of any agreements. NBL further warranted that its borrowing under the Loan Agreements constitutes a private "commercial act" and irrevocably disclaimed any right of immunity, sovereign or otherwise, from suit, jurisdiction of any court, pre-judgment attachment, post-judgment attachment, set-off, or other legal process.

20. The Loan Agreements provide that a failure to make a principal or interest payment in a timely manner constitutes an "Event of Default."

21. The Loan Agreements provide that they are binding on and enforceable against the parties and their successors and assigns.

22. The Loan Agreements contain, among the miscellaneous terms, a choice of law and forum selection clause, which dictate that the Loan Agreements are governed by the internal laws of the State of New York.  NBL is further required to maintain an irrevocable agent for process in New York, and irrevocably consented to the non-exclusive jurisdiction of any State or Federal Court in New York, New York; to waive any objection to that venue on any ground; and to accept service of process by registered or certified mail to the notice address provided in the agreement.

## COUNT ONE UNDER THE FIRST LOAN AGREEMENT (6020218001)

23. Ex-Im Bank repeats the allegations contained in paragraphs 1-22 above.

24. Pursuant to the First Loan Agreement, Ex-Im Bank has loaned NBL the sum of $24,000,000.

25. In breach of the First Loan Agreement, NBL and its successor, CBL, have failed to make required principal and interest payments, and CBL is in default under the First Loan Agreement.

26. Under the First Loan Agreement, Section 2.03(c), default interest accrues at the rate of 10% on all amounts overdue, interest and principal included.

27. CBL owes Ex-Im Bank the principal of $24,000,000 plus unpaid scheduled interest and default interest and costs of enforcement and collection, including attorney's fees.

## COUNT TWO UNDER THE SECOND LOAN AGREEMENT (6020218002)

28. Ex-Im Bank repeats the allegations contained in paragraphs 1-27 above.

29. Pursuant to the Second Loan Agreement, Ex-Im Bank has loaned NBL $20,000,000.

30. In breach of the Second Loan Agreement, NBL and its successor, CBL, have failed to make required principal and interest payments, and CBL is in default under the Second Loan Agreement.

31. Under the Second Loan Agreement, Section 2.03(c), default interest accrues at the rate of 10% on all amounts overdue, interest and principal included.

32. CBL owes Ex-Im Bank the principal of $20,000,000 plus unpaid scheduled interest and default interest and costs of enforcement and collection, including attorney's fees.

WHEREFORE, Ex-Im Bank demands judgment in its favor as follows:

    (a) the sum of $44,000,000, plus unpaid scheduled interest and default interest, prejudgment interest, and expenses and attorneys' fees incurred by Ex-Im Bank in connection with enforcement and collection of the amounts due under the Loan Agreements;

    (b) taxable disbursements and court costs; and

    (c) such other and further relief as this Court deems just and proper.

Dated: New York, New York  SULLIVAN & WORCESTER LLP
December 7, 2015

By: /s/Andrew T. Solomon
    Paul E. Summit
    Andrew T. Solomon
1633 Broadway
New York, NY 10019
T. 212.660.3000
F. 212.660.3001
psummit@sandw.com
asolomon@sandw.com

*Attorneys for Plaintiff The Export- Import Bank of the Republic of China*