USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 12/13/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

THE EXPORT-IMPORT BANK OF THE
REPUBLIC OF CHINA,

          Plaintiff,                     1:15-cv-09565 (ALC)

    -against-                               **OPINION AND ORDER**

CENTRAL BANK OF LIBERIA as successor to
the NATIONAL BANK OF LIBERIA,

          Defendant.

------------------------------------------------------------X

**ANDREW L. CARTER JR., United States District Judge:**

This matter comes before the Court on the parties' joint motion for an indicative ruling regarding the parties' joint motion to vacate the Court's March 31, 2017 Order (the "March Order") (ECF. No. 62) and related April 12, 2017 Opinion (the "April Opinion") (ECF No. 66) under Fed. R. Civ. P. 54(b). The parties have reached a tentative settlement and effectively ask this Court for a mechanism to restore the *status quo ante* in event that settlement is breached.

## PROCEDURAL HISTORY

In December 2015, Plaintiff Export-Import Bank of the Republic of China ("Ex-Im Bank") commenced this action against the Defendant Central Bank of Liberia ("CBL"), as successor in interest to the former National Bank of Liberia (the "NBL"), claiming allegedly unpaid principal of $44,000,000, allegedly unpaid scheduled interest totaling $35,471,111.08 as of December 7, 2009, allegedly unpaid default interest to be calculated, and other monetary payments allegedly overdue and owing (collectively, the "Ex-Im Bank Claims") under two loan agreements (the "Loan Agreements") entered into by Ex-Im Bank and the NBL in December 1989. In August 2016, the CBL moved to dismiss this action (ECF No. 41) for lack of subject

1

matter jurisdiction under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602-1611 (the "FSIA"). In its March Order and related April Opinion, this Court denied the motion, finding that CBL explicitly waived sovereign immunity. Thereafter, on May 1, 2017, the CBL timely appealed the Order and Opinion to the United States Court of Appeals for the Second Circuit. On August 14, 2017, the CBL filed its appellant's brief in that appeal (the "Appeal").

Following a series of meetings held in Paris, France from November 1 through November 3, 2017, the parties reached agreement on commercial settlement terms. A memorandum of understanding (the "MOU") memorializing the basic terms was executed on November 3, 2017, and the parties have since been working diligently to prepare a formal settlement agreement (the "Proposed Settlement Agreement"), which the MOU provides must be finalized by December 4, 2017. In requesting a stay from the Second Circuit, the parties informed the Circuit of the proposed settlement agreement and the need for a stay to finalize the tentative agreement and provide for an initial partial payment to Ex-Im Bank. Second Circuit Dkt. #56. By Order dated November 9, 2017 (Second Circuit Dkt. #60), the Second Circuit granted the parties' joint motion for a stay of the Appeal until February 12, 2018.

In a telephone conference held on November 29, 2017, the parties sought this Court's guidance on next steps. The Court directed the parties to submit papers specifying the relief they sought and the reasons for it. Since the Court presently lacks jurisdiction over the action, the parties concurrently filed a joint motion to vacate the March Order and April Opinion coupled with a joint motion for an indicative ruling that the Court would grant the joint motion to vacate if the if the Second Circuit dismisses the Appeal at the parties' request, thereby restoring jurisdiction to this Court.

## FACTUAL BACKGROUND

The impetus for the unusual relief that the parties are requesting is the tentative settlement. In the case of a default, the parties wish to provide that Ex-Im Bank may reinstate the Ex-Im Bank Claims against the CBL, but both parties in that circumstance will revert to the *status quo ante* and will retain all of their respective claims, defenses, rights, and arguments as they previously existed—including the CBL's defenses and arguments based on sovereign immunity that are the subject of the Court's March Order and April Opinion and the CBL's pending Appeal. Without a mechanism to preserve CBL's sovereign immunity defense in the event that the settlement payment is not made, the parties believe that they are unlikely to achieve settlement. The parties believe achieving settlement will avoid unnecessary, continued litigation and a concomitant waste of judicial resources. Accordingly, the parties propose the following procedural steps:

1. The Court grants their joint motion for an indicative ruling under Fed. R. Civ. P. 62.1.
2. The parties file a stipulation in the Second Circuit to dismiss the Appeal.
3. Once the Appeal has been dismissed and this Court regains jurisdiction over this action, the Court grants the motion to vacate the March Order and April Opinion.
4. As soon as practicable following the Court's granting of the motion to vacate and the initial payment to Ex-Im Bank on or before January 15, 2018, Ex-Im Bank dismisses this action without prejudice.

## STANDARD OF REVIEW

Generally, the filing of an effective notice of appeal divests the court of jurisdiction over the case. *See Negron v. United States*, 394 Fed. App'x 788, 792 (2d Cir. 2010) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). But in certain situations, "it may be helpful to the parties and to the Court of Appeals to know what the District Court might do if given the chance to reconsider some aspect of the appealed case." *Zaratzian v. Abadir*, No. 10

3

CV 9049(VB), 2012 WL 9512531, at *3 (S.D.N.Y. May 30, 2012). Rule 62.1 provides that mechanism. Under Fed. R. Civ. P. 62.1, "if a timely motion is made for relief that the court lacks authority to grant because of an appeal that is docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."

## DISCUSSION

The parties are not asking the Court to issue an indicative ruling on an issue currently being reviewed by the Court of Appeals or for the Court to express that it believes its own Opinion is incorrect. *See Retirement Bd. of Policemen's Annuity and Ben. Fund of City of Chicago v. Bank of New York Mellon*, 297 F.R.D. 218, 221 (S.D.N.Y. 2013) (noting that the drafters of Rule 62.1 did not intend for it to be used by a district court to reconsider the same question being reviewed by the Court of Appeals). Instead, the parties seek the Court's assistance in facilitating settlement, by allowing the parties to return to the *status quo ante* in case settlement fails. There is a strong public policy in this Circuit in favor of the settlement of disputes. *See, e.g., Williams v. First Nat. Bank*, 216 U.S. 582, 595 (1910) ("[c]ompromises of disputed claims are favored by the courts"); *TBK Partners, Ltd. v. Western Union Corp.*, 675 F.2d 456, 461 (2d Cir. 1982) (noting the "paramount policy of encouraging settlements"); *In re Tronox Inc.*, 855 F.3d 84, 106 (2d Cir. 2017) (recognizing a strong judicial policy in favor of settlement); *Davis v. Blige*, 505 F.3d 90, 104 (2d Cir. 2007) (recognizing that the general judicial policy in favor of encouraging voluntary settlement of disputes extends to copyright and patent infringement cases). Indicating that this Court would grant the motion to vacate would further this interest in favoring settlement by saving judicial resources and lessening litigation expenses.

Moreover, one of the purposes of indicative rulings is to obviate the necessity of appeal. *See Retirement Bd.*, 297 F.R.D. at 221. Here, a meritorious motion to vacate an interlocutory order because of settlement makes appeal of that order unnecessary.

As to the merits of the motion to vacate, the motion is governed by Fed. R. Civ. P. 54(b). Under Fed. R. Civ. P. 54(b), district courts are "empowered to revisit and vacate . . . any non-final order 'at any time before the entry of a judgment.'" *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 212 (2d Cir. 2010). This is in sharp contrast with a motion to vacate "a final judgment, order, or proceeding" under Fed. R. Civ. P. 60(b)(6). Relief from a final judgment under Rule 60(b)(6) "is appropriate only in cases presenting 'extraordinary' circumstances." *First Fidelity Bank, N.A. v. Gov't of Antigua & Barbuda-Permanent Mission*, 877 F.2d 189, 196 (2d Cir. 1989). The standard governing a motion to vacate under Rule 54(b) is less strict than that under Rule 60(b). *See Wanamaker v. Columbian Rope Co.*, 907 F. Supp. 522, 527 (N.D.N.Y. 1995) ("It is within the plenary power of the court 'to review its interlocutory orders to afford such relief from them as justice requires, and this power is not affected by Rule 60(b).'" (internal quotations omitted)); *Persistence Software, Inc. v. The Object People, Inc.*, 200 F.R.D. 626, 627 (N.D. Cal. 2001) ("The standard for granting a motion to vacate under Rule 54(b) is less rigid than that under Rule 60(b) governing vacat[ur] of final judgments."); *Gallant v. Telebrand Corp.*, 35 F. Supp. 2d 378, 394 n.16 (D.N.J. 1998) (same); *Farr Man & Co. v. M/V Rozita*, 903 F.2d 871, 875 (1st Cir. 1990) (finding that the district court erred in vacating an interlocutory order under Rule 60(b)(6), did not need to comply with the requirements of Rule 60(b)(6), and had the discretionary power to alter the interlocutory order).

The March Order denying sovereign immunity to CBL is non-final under Fed. R. Civ. P. 54(b) because it does not "adjudicate[] all the claims and all the parties' rights and liabilities" in

this action. Fed. R. Civ. P. 54(b); *see, e.g., Atlantica Holdings v. Sovereign Wealth Fund, Samruk-Kazyna JSC*, 813 F.3d 98, 116 (2d Cir. 2016) (noting that a denial of sovereign immunity under the Foreign Sovereign Immunities Act is a non-final order that is subject to interlocutory appeal pursuant to the collateral order doctrine); *Enahoro v. Abubakar*, 408 F.3d 877, 880 (7th Cir. 2005) (stating the same and listing other Circuits in agreement). Thus, the appropriate standard for the motion to vacate is Rule 54(b), not Rule 60(b).

Vacatur of the March Order would be appropriate under these circumstances. "Vacatur of a decision is appropriate where it benefits the parties but does not run counter to any public interest." *IBM Credit Corp. v. United Home for Aged Hebrews*, 848 F. Supp. 495, 495-96 (S.D.N.Y. 1994); *cf. Jewelers Vigilance Comm., Inc. v. Vitale Inc.*, 177 F.R.D. 184, 186 (S.D.N.Y. 1998) ("[I]n considering [a motion to vacate under Rule 60(b),] courts must balance the interests of honoring settlements reached by the parties against the public interest in the finality of judgments and the development of decisional law.").

In *IBM Credit*, the court denied more than one summary judgment motion, and then the parties reached a tentative settlement conditioned on the vacatur of the summary judgment orders. The court granted the motion to vacate[1] and in doing so made two key observations. *Id.* at 497. First, a "significant benefit to the parties is that a vacated order is not binding on the parties in future litigation; this benefit to the losing party can become a bargaining chip in settlement discussions." *Id.* at 496. Second, the "interest of the parties may also be served if vacatur results in preventing a ruling from having binding precedential impact which may affect

---

[1] Although the court did not cite a particular rule of the Federal Rules of Civil Procedure in granting the motion to vacate, the vacatur presumably was governed by Fed. R. Civ. P. 54(b) because the denial of a summary judgment motion is an interlocutory order. *See Caldarola v. Calabrese*, 298 F.3d 156, 161 (2d Cir. 2002) ("The denial of summary judgment is ordinarily an interlocutory decision[.]"); *Jackson v. Roach*, 364 Fed. App'x 138, 139 (5th Cir. 2010) ("[T]he denial of a motion for summary judgment is an interlocutory order, which the trial court may reconsider and reverse for any reason it deems sufficient[.]").

6

them in situations capable of repetition; the party favored by the ruling may give up its precedential benefit in return for the other aspects of the settlement." *Id.* Here, Ex-Im Bank received a positive ruling from this Court—subject to the uncertainty of outcome at appeal—but nevertheless has sought settlement. In the context of the agreement achieved between the parties, CBL would not be able to preserve its sovereign immunity defense, given the uncertain outcome of appeal, without vacatur of the March Order. The fact that *both* parties jointly moved for vacatur indicates that there is something mutually beneficial in settlement for both sides.

As for the public interest, district court decisions are not treated as binding precedents, but instead serve as persuasive authority. *Id.* at 497 ("Once a decision has been filed and in the public domain, its influence beyond any effect on the parties is based solely upon future readers' views of its merit, whether vacated in connection with a settlement or not so vacated."). Accordingly, there is less of a concern about the development of decisional law when it comes to district court opinions. The vacated April Opinion, thus, will continue to have influence, even if vacated.

Finally, as noted previously, judicial policy favors the settlement of disputes. Here, the case is young: a settlement will greatly conserve judicial resources and time, as well as the parties'.[2] Therefore, a careful balancing reveals that vacatur would serve the parties well, not go against the public interest, and further a policy of favoring settlements.

## CONCLUSION

For the reasons set forth above, the parties' motion for an indicative ruling pursuant to Fed. R. Civ. P. 62.1 seeking to vacate the March Order and April Opinion under Fed. R. Civ. P.

---

[2] In fact, this explains the liberal standard for vacatur under Rule 54(b) as compared to Rule 60(b). Judicial economy is well served by settling in the middle of litigation under Rule 54(b) but absent at the end of litigation with final judgments under Rule 60(b). *See Jewelers*, 177 F.R.D. at 188.

7

54(b) is GRANTED, and the Court states that it would grant the parties' motion to vacate if jurisdiction is restored to this Court.

**SO ORDERED.**

Dated:  December 13, 2017
        New York, New York

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**